

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-25-2005

# In Re: Robert Hayden

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1265

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Robert Hayden " (2005). *2005 Decisions.* Paper 652.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/652

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  05-1265

_____

IN RE:  ROBERT HAYDEN,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the
Western District of Pennsylvania
(Related to W.D.Pa. Crim. No. 94-cr-00107)

_____

Submitted Under Rule 21, Fed. R. App. P.
April 29, 2005
Before:  CHIEF JUDGE SCIRICA, WEIS and GARTH, CIRCUIT JUDGES.

(Filed August 25, 2005)

OPINION
_____

PER CURIAM.

Robert Hayden, proceeding pro se, seeks a writ of mandamus to compel the

United States District Court for the Western District of Pennsylvania to act on the motion

that he filed in this matter in August 2003, which he styled as a Rule 60(b) motion.[1]

_____

[1] In 1994, Hayden was convicted of using extortionate means to collect or
attempt to collect an extension of credit; he was sentenced to 188 months of
imprisonment.  In July 2002, he  filed a § 2255 motion, which the District Court denied.

Mandamus is an appropriate remedy only in the most extraordinary of situations. In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). To warrant such a remedy, a petitioner must show that he has (I) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 402 (1976)).

Hayden's motion was pending at the time he filed this mandamus petition. However, the District Court denied Hayden's motion by order entered August 3, 2005. Thus, the request for relief before us is now moot.

Accordingly, we will deny the petition for a writ of mandamus.

---

We denied his request for a certificate of appealability in May 2003.